JS-6

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOPHISTICATED TECHNOLOGIES, INC, a corporation also doing business as SOPHTECH; MOSHE KLEIN, an individual; and the SOPHTECH 401(k) PLAN, an employee pension benefit plan,<br><br>　　　　Defendants. | Case No. CV 10-8755 DSF (SSx)<br><br>**CONSENT JUDGMENT & ORDER BETWEEN THE SECRETARY OF LABOR AND DEFENDANTS MOSHE KLEIN AND THE SOPHTECH 401(k) PLAN RESOLVING REMAINING CLAIMS** |

　　　Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary") pursuant to her authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants Sophisticated Technologies, Inc., a corporation also doing business as Sophtech ("Company");

*Page 1*

Moshe Klein, an individual ("Klein"); and the Sophtech 401(k) Plan, an employee pension benefit plan ("the Plan").[1]

    A.    The Secretary and Klein (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court, Central District of California, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

    B.    On January 25, 2011, the parties signed a Partial Consent Judgment & Order, which appears as docket entry number 32 in this action and which is fully incorporated by reference and attached hereto.[2] As explained at paragraph B of the Partial Consent Judgment & Order, it resolved only the amount of liability, the appointment of an Independent Fiduciary, and the payment pursuant to § 502 (l) of ERISA, 29 U.S.C. § 1132(l). As further explained in the Partial Consent Judgment & Order, it did not resolve the Secretary's claims for injunctive relief as pled for in the Complaint.

    C.    The parties agree to the entry of this Consent Judgment & Order Resolving Remaining Claims. The parties further agree that this Consent Judgment & Order Resolving Remaining Claims shall fully settle all remaining claims of the Secretary asserted in the Complaint.

    D.    All parties expressly waive Findings of Fact and Conclusions of Law.

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief pursuant to Fed. R. Civ. P. 19(a).

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Defendant Klein is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

2. Upon the Court's appointment of an Independent Fiduciary through entry of the Partial Consent Judgment & Order, Defendant Klein is removed as a fiduciary to the Plan.

3. With regard to the ERISA-covered Synthean 401(k) Plan, and any other ERISA-covered Plan to which Defendant Klein is a fiduciary, other than the Sophtech 401(k) Plan, Defendant Klein agrees to appoint a successor Independent Fiduciary at his expense. Defendant Klein shall appoint such successor Independent Fiduciary concurrent with execution of this Consent Judgment & Order Resolving Remaining Claims and such appointment shall be in full force and effect by February 29, 2012. The successor Independent Fiduciary shall have full discretionary authority and control to administer and terminate the plans, as appropriate. Upon appointment of such successor Independent Fiduciary, Klein shall be removed as a fiduciary from the Synthean 401(k) Plan and any other ERISA-covered Plan to which he is a fiduciary.

4. Except as provided in Paragraph 3, Klein is hereby further permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

---

[2] The Court has not entered the Partial Consent Judgment.

*Page 3*

5. The parties shall bear their own costs, expenses, and attorneys' fees incurred in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

6. Defendant Klein expressly waives any and all claims of any nature which he has or may have against the Secretary, the U.S. Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

7. Nothing in this Consent Judgment & Order Resolving Remaining Claims is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

8. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order Resolving Remaining Claims.

9. By signing their names to this Consent Judgment & Order Resolving Remaining Claims, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order Resolving Remaining Claims.

10. This Consent Judgment & Order Resolving Remaining Claims may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court directs the entry of this Consent Judgment & Order Resolving Remaining Claims as a final order.

IT IS SO ORDERED, ADJUDGED, and DECREED.

Dated: February 22, 2012  _____
DALE S. FISCHER
United States District Judge

Entry of this Consent Judgment & Order Resolving Remaining Claims is hereby consented to:

Dated:_____  M. PATRICIA SMITH
Solicitor of Labor

MARY K. ALEJANDRO
Acting Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

By_____
Katherine M. Kasameyer
Trial Attorney

Attorneys for the Plaintiff

///
///

Defendants consent to the entry of this Consent Judgment & Order Resolving Remaining Claims.

Dated:_____          _____
                                            Michael Hurey, Esq
                                            Counsel for Defendant Moshe Klein


Dated:_____          _____
                                            Moshe Klein
                                            On his own behalf and as Fiduciary of the Plan.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SOPHISTICATED TECHNOLOGIES, INC, a corporation also doing business as SOPHTECH; MOSHE KLEIN, an individual; and the SOPHTECH 401(k) PLAN, an employee pension benefit plan,<br><br>Defendants. | Case No. CV 10-8755 DSF (SSx)<br><br>**PARTIAL CONSENT JUDGMENT & ORDER BETWEEN THE SECRETARY OF LABOR AND DEFENDANTS MOSHE KLEIN AND THE SOPHTECH 401(k) PLAN** |

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary") pursuant to her authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants Sophisticated Technologies, Inc., a corporation also doing business as Sophtech ("Company");

*Page 1*

Moshe Klein, an individual ("Klein"); and the Sophtech 401(K) Plan, an employee pension benefit plan ("the Plan").[3]

A. The Secretary and Defendant Klein (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court, Central District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

B. The parties agree to the entry of this Partial Consent Judgment & Order. The parties further agree and understand that that this Partial Consent Judgment & Order only resolves the amount of liability, the appointment of an Independent Fiduciary, and the payment pursuant to § 502(l) of ERISA, 29 U.S.C. § 1132(l). The parties further agree and understand the Secretary's claims for injunctive relief as pled for in the Complaint are unresolved, the Secretary intends to continue to pursue those claims and relief, and Mr. Klein intends to defend the claims for injunctive relief.

**IT IS HEREBY ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Defendant Klein shall pay the Plan $48,857.78 in principal and lost-opportunity costs calculated through January 25, 2011, ("Amount Due").

   a. Defendant Klein shall pay the Amount Due referred in Paragraph 2 to the Independent Fiduciary appointed to the Plan by the Court ("Independent Fiduciary"), referenced *infra* at Paragraph 3, two payments as follows: $20,000 on or about January 25, 2012 and $28,857.78 on or before February 3, 2012. The February 3, 2012 payment shall be made by certified or cashier's check.

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief pursuant to Fed. R. Civ. P. 19(a).

*Page 2*

   b. Immediately following each payment, the Independent Fiduciary shall provide the Secretary with proof of same.  Such proof shall include a trust statement showing deposit has been made into the Plan's trust account, or other appropriate evidence that such payment has been made.

   c. Should Defendant Klein fail to timely comply with any requirements set forth in this Paragraph, the remaining balance of the Amount Due at the time of non-compliance shall become immediately due and payable.  Interest will continue to accrue on the Amount Due at the rate set forth in 26 U.S.C. § 6621.

 2. Upon the Court's appointment of an Independent Fiduciary, Defendant Klein is removed as a fiduciary to the Plan.

 3. Nicholas Saakvitne is appointed as the Independent Fiduciary to the Plan with the following duties and responsibilities:

   a. The Independent Fiduciary shall collect, marshal, pay out and administer all of the assets of the Plan and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all eligible participants and beneficiaries, and the filing of the Annual Report Form 5500s;

   b. The Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefit Security Administration's Field Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution under the terms of the Plan;

   c. The Independent Fiduciary shall have all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA;

   d. The Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain such as assistance as he may require, including attorneys, accountants, actuaries, and other

service providers;

  e. The Independent Fiduciary shall bill Defendant Klein for his reasonable fees and costs for serving as the Independent Fiduciary;

  f. The Independent Fiduciary shall have full access to all data, information, and calculations in the possession of the Plan and under its control, including information and records maintained by the custodial trustees or service providers of the Plan;

  g. The Independent Fiduciary is authorized to give instructions respecting the disposition of the assets of the Plan; and

  h. The termination of the Plan shall occur no later than April 30, 2012.

  i. No later than thirty days following termination of the Plan, the Independent Fiduciary shall provide documentation of same to Plaintiff.  Such documentation must evidence that distributions were made to all remaining eligible Plan participants.

 4. Defendant Klein is liable for paying all reasonable fees and costs of the Independent Fiduciary within thirty days of receiving the bill for same by the Independent Fiduciary; in no event may Plan assets be used to pay the fees and/or costs of the Independent Fiduciary.

 5. Defendant Klein affirms he did not participate in the Plan and further waives any interest he may have in any amounts restored to the Plan as a result of this Complaint and Partial Consent Judgment & Order.

 6. The parties shall cooperate fully with the Independent Fiduciary herein appointed by the Court by, among other things, providing documents or information any party may have in his, her, or its, actual or constructive possession which may be relevant to the Plan's administration and management.

 7. Should Defendant Klein change residences or telephone numbers before the restoration of the Amount Due the Plan or the Plan's termination,

whichever comes later, Defendant Klein shall notify the Secretary in writing of the updated address and/or telephone number within seven days of the change.

8. Upon Defendant Klein's payment of $48,857.78 to the Plan as outlined *supra*, Defendant Klein shall be assessed an amount due under ERISA § 502(1), 29 U.S.C. § 1132(1) in the amount of twenty percent of the applicable recovery amount, or $9,771.40.

9. Defendant Klein agrees to waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83. Defendant Klein may not challenge the applicable recovery amount for any reason but retains the right to challenge the injunctive relief the Secretary seeks in this matter. By April 3, 2012, Defendant Klein shall pay the amount in paragraph 9 to the U.S. Department of Labor, by sending a certified or cashiers check payable to the United States Department of Labor (please write EBSA Case No. 72-030850(48) on the check) to:

> ERISA – Civil Penalties
> P.O. Box 71360
> Philadelphia, PA   19176-1360

10. Wherever submission to the Secretary is required under the terms of this Partial Consent Judgment, such submission shall be made to:

> Regional Director
> Employee Benefits Security Administration
> U.S. Department of Labor
> 1055 East Colorado Blvd., Suite 200
> Pasadena, CA  91106

11. The parties shall bear their own costs, expenses, and attorneys' fees incurred in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

12. Defendant Klein expressly waives any and all claims of any nature which he has or may have against the Secretary, the Department of Labor, or any

of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

13. Nothing in this Partial Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

14. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Partial Consent Judgment & Order.

15. By signing their names to this Partial Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Partial Consent Judgment & Order.

16. By the entry of this Partial Consent Judgment & Order, the Secretary's right to pursue injunctive relief based on the claims alleged in the Complaint are in no way prejudiced and Defendant Klein's right to contest the sought injunctive relief and assert any relevant defenses are preserved.

The Court directs the entry of this Partial Consent Judgment & Order as a final order.

IT IS SO ORDERED, ADJUDGED, and DECREED.

Dated: February 22, 2012      _____

DALE S. FISCHER
United States District Judge

Entry of this Partial Consent Judgment is hereby consented to:
Dated:_____                M. PATRICIA SMITH
                               Solicitor of Labor

                               MARY K. ALEJANDRO

*Page 6*

        Acting Regional Solicitor

        DANIELLE L. JABERG
        Counsel for ERISA

        By_____
        Katherine M. Kasameyer
        Trial Attorney

        Attorneys for the Plaintiff

Defendants consent to the entry of this Partial Consent Judgment & Order.

Dated:_____   _____

        Michael Hurey, Esq.
        Counsel for Defendant Moshe Klein

Dated:_____   _____

        Moshe Klein

        On his own behalf and as Fiduciary of the Plan.